**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrian White, | No. CV-17-00200-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

    This Court screened the Plaintiff's First Amended Complaint, dismissed the claims against the various Defendants except for Defendant Herman, and ordered Herman to answer claims alleged in Counts Two and Three. Plaintiff is Jewish and alleged three counts related to his free exercise of religion.

    In Count Two, the Plaintiff alleged that ASPC-Douglas Senior Chaplain Herman, in charge of all religious programs and approving religious supplies, denied Plaintiff Passover holiday supplies in 2016 and 2017. Plaintiff also alleged that Herman failed to turn out the Jewish prisoners, including Plaintiff, to use the interfaith chapel during Passover. In Count Three, Plaintiff alleged that he has been provided a kosher diet during his incarceration until Herman removed Plaintiff from the diet in retaliation against the historical practices of Plaintiff's Jewish religion. Plaintiff admits that he was given back his kosher diet on May 8, 2017, but that this was after Passover had already occurred.

    On May 20, 2019, the Defendant moved for Partial Summary Judgment on Count Two in part as to claims regarding denial of religious property in 2017 and all of Count

Three because the Plaintiff failed to exhaust available administrative remedies. Herman asserts that Plaintiff's bald claims that he appealed his request for administrative relief to the highest administrative level conflicts with the Arizona Department of Corrections (ADC) record which does not contain any relevant inmate grievance appeals for any claim in 2017.

On May 28, 2019, the Court issued a Notice to the Plaintiff explaining his obligations under Federal Rule 56 of the Federal Rules of Civil Procedure to respond to the Motion for Summary Judgment and of the consequences for failing to file a Response, including Local Rule 7.2(e)(1) for summary granting of the motion in final disposition of his case. (Order (Doc. 24)). The Notice was returned to the Court as "undeliverable." On June 6, 2019, the Defendant filed a Motion to Dismiss for Lack of Prosecution because the copy of the dispositive motion Herman sent to the Plaintiff was returned to sender as undeliverable. It appears that the Plaintiff was released on parole on April 30, 2019. This likely explains why the Plaintiff also failed to file a Response to the Motion for Summary Judgment in violation of the directives contained in the Court's May 28, 2019, Notice to file the Response by June 22, 2019.

The Local Rules of this Court, LRCiv 83.3(d) requires inmates to submit a notice of an address change to be filed "within seven (7) days after the effective date of the change." Without an updated address, neither this Court nor the Defendant can communicate with the Plaintiff. *See* (Order (Doc. 8) at 6 (requiring compliance with Rule 83.3(d)). So, while the case has not sat for six (6) months without any proceedings or pleadings, notices, or other documents being filed in it, the Court nevertheless dismisses it for failure to prosecute, pursuant to LRCiv. 41.1, without notice to Plaintiff and an opportunity to show cause why it should not be dismissed.

The Court has also reviewed the Motion for Partial Summary Judgment, pursuant to Rule 7.2(e)(1) and grants it. Under Rule 7.2(i) of this Court's Local Rules of Practice, a failure to file a responsive pleading may be deemed consent to the motion and this Court may dispose of the motion summarily. "A motion for summary judgment cannot be

granted simply because the opposing party violated a local rule." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (citing *Henry v. Gill Industries Inc.,* 983 F.2d 943, 950 (9th Cir. 1993). This is so because a party may oppose a motion for summary judgment without offering affidavits or any other materials in support of its opposition. "'Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.'" *Id.* at 106 (quoting *Henry,* 983 F.2d at 950).

The Court has reviewed the Motion for Summary Judgment, wherein Defendants assert that a review of the ADC's records failed to reveal any relevant inmate grievance appeal in 2017 received by the Director. Under ADC procedures, an Informal Resolution request is appealable to the final decisionmaker, the Director. The PLRA mandates exhaustion of administrative remedies prior to suit for all inmate claims challenging prison conditions under 42 U.S.C. § 1983. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite to suit and cannot be waived on grounds of futility, inadequacy, default or for lack of being "plain, speedy, and effective." *Booth v. Churner*, 532 U.S. 731, 739-741 (2001); *Porter*, 534 U.S. at 524.

The Court has reviewed the First Amended Complaint and considered the merits of the Motion for Partial Summary Judgment and finds that summarily granting the motion is warranted, pursuant to Rule 7.2(i).

**Accordingly,**

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 25) is GRANTED as to the case in its entirety.

**IT IS FURTHER ORDERED** that the Defendants' Motion for Partial Summary Judgement (Doc. 22) is summarily granted, pursuant to Rule 7.2(i), for Defendant Herman.

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment |
| 2 | accordingly. |
| 3 | Dated this 21st day of June, 2019. |

_____
Honorable David C. Bury
United States District Judge